Lois M. WASHINGTON, Plaintiff,

v.

**KROGER COMPANY and Retail Store Employees Union, Local 782, AFL–CIO, Defendants.**

No. 77–0272–CV–W–5.

United States District Court,
W. D. Missouri, W. D.

March 2, 1981.

Samuel McHenry, Legal Aid, Kansas City, Mo., for plaintiff.

Jack L. Whitacre, Spencer, Fane, Britt & Browne, Kansas City, Mo., for Kroger Company.

Michael D. Gordon, Jolley, Moran, Walsh, Hager & Gordon, Kansas City, Mo., for Union.

## MEMORANDUM AND ORDER

SCOTT D. WRIGHT, District Judge.

On January 14, 1981, this Court entered an Opinion and Order in the above-entitled cause. 506 F.Supp. 1158, D.C. Upon finding that defendant Kroger Company had unlawfully discriminated against plaintiff in contravention of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Court entered judgment in favor

of plaintiff and against Kroger. Using figures stipulated to by the parties, the Court determined that plaintiff was entitled to an award of $11,808.32 in net back pay. In arriving at this award, the Court deducted from plaintiff's gross back pay the amount of unemployment compensation plaintiff estimated she received subsequent to her discharge. After judgment was rendered, plaintiff filed a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e). Plaintiff contends that the deduction for her unemployment benefits, $6000, was excessive. Plaintiff now states, and defendant does not dispute her assertion, that she received this $6000 over the period extending from her discharge in June, 1971 to the time of trial. Since the Court determined that plaintiff was not entitled to any back pay following the date Kroger ceased operating in Kansas City (September 11, 1976), plaintiff submits that her back pay award should not have been reduced by the amount of unemployment compensation she received after that date. The Court agrees.

■ Plaintiff's back pay award should not have been reduced by the amount of unemployment benefits paid to her subsequent to September 11, 1976. Any benefits received after that date are irrelevant to the determination of her net back pay entitlement. The difficulty, however, lies in the fact that no accurate records exist to indicate the precise amount of unemployment compensation plaintiff received during the years in question. The Missouri Division of Employment Security apparently only maintains such records for the two years preceding the current calendar year. The Division's records reflect that plaintiff received benefits totaling $105 in 1980 and $340 in 1979.

■ Although not entirely satisfactory, it appears that the Court can only speculate as to the amount of unemployment compensation paid to plaintiff between June, 1971 and September, 1976. The Court believes that the most equitable way to determine the amount of benefits which must be deducted from plaintiff's back pay award is simply to apportion the benefits equally over the years concerned. Deducting the $445 plaintiff received in 1979 and 1980 from the total $6000 she estimated she received, the Court finds that plaintiff was paid $5555 in benefits from June, 1971 to the end of 1978, a period of 90 months. Dividing $5555 by 90 months, it appears that plaintiff received approximately $61.72 in benefits for each month in the period from June, 1971 to December 31, 1978. There are 28 months in the period from September 11, 1976 (counting September as a full month) to December 31, 1978. Computed at the rate of $61.72 per month, plaintiff received $1728.16 in benefits during this latter period. This figure, $1728.16, plus the unemployment compensation plaintiff received in 1979 and 1980, $445, should not have been deducted in determining plaintiff's net back pay award. Accordingly, the Court will enter an appropriate order increasing plaintiff's award of back pay by $2173.16.

■ Plaintiff also requests that the Court reconsider its conclusion that plaintiff is not entitled to back pay compensation during the period plaintiff was a full-time college student. The Court has considered plaintiff's argument but is not persuaded that its previous decision was in error. Thus, the Court will adhere to its ruling that plaintiff may not recover any back pay from defendant for the period during which she attended college.

■ Finally, defendant Kroger has filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(1). Pointing out that plaintiff was not a "prevailing party" on her claim against Kroger's co-defendant, Local 782, Kroger requests that the Court modify its order awarding plaintiff attorney's fees so that plaintiff is not awarded attorney fees for the time devoted to her case against the Union. Plaintiff's counsel responds "that any work directed *solely* at the defendant Union was both minimal and practically impossible to remove from the major preparation directed at proving plaintiff's case against Kroger." The Court is inclined to agree with plaintiff. The Court previously concluded that the hours

plaintiff's attorneys devoted to this case were reasonable and, as a practical matter, it does not appear that counsel for plaintiff were compensated for any time spent exclusively on plaintiff's claim against the Union. Consequently, the Court has determined to deny defendant Kroger's motion for relief from judgment. Counsel for plaintiff has requested an additional award of $1644 for the time expended in preparing plaintiff's motion to alter judgment and responding to defendant's motion to reduce the original award of legal fees. This request is denied. Accordingly, in accordance with the foregoing memorandum and order, it is hereby

ORDERED that plaintiff's motion to alter or amend judgment be, and is hereby, granted. The Court's Opinion and Order of January 14, 1981 is therefore amended in the following respect:

It is hereby ORDERED that judgment be, and is hereby, entered in favor of plaintiff Lois Washington and against defendant Kroger Company in the amount of $13,981.48, plus prejudgment interest at the rate of 8% per annum.

It is further

ORDERED that defendant Kroger's motion for relief from judgment be, and is hereby, denied.